UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTON JONES,

          Petitioner,         Case Number: 2:12-CV-13007

v.         HON. GEORGE CARAM STEEH

PEOPLE OF THE STATE OF MICHIGAN,

          Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY**

      This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Alton Jones (Petitioner) is a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. He has filed the pending petition challenging his convictions for armed robbery, felon in possession of a firearm, felony firearm, and being a third habitual offender. For the reasons which follow, the petition will be dismissed.

**I.**

      Petitioner was convicted by a jury in Wayne County Circuit Court of the above-listed offenses. On August 30, 2007, he was sentenced to 22-1/2 to 40 years for the armed robbery conviction, 2 to 10 years for the felon-in-possession conviction, and 2 years for the felony-firearm conviction.

      Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals remanded the case to the trial court for resentencing on the armed robbery conviction

based on a guideline range error.  *People v. Jones*, No. 281663 (Mich. Ct. App. Nov. 29, 2009).  On March 26, 2010, the trial court resentenced Petitioner to 202 to 480 months in prison.  Petitioner appealed this sentence to the Michigan Court of Appeals, claiming that counsel was ineffective in failing to apprise the court of Petitioner's prison conduct since the last sentencing.  The Michigan Court of Appeals affirmed Petitioner's sentence.  *People v. Jones*, No. 298708 (Mich. Ct. App. March 18, 2011).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same ineffective assistance of counsel claim raised in the Michigan Court of Appeals and a claim that new counsel should be appointed to raise additional issues in the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.  *People v. Jones*, 489 Mich. 993 (July 25, 2011).

Petitioner then filed this habeas petition.  He raises the same ineffective assistance of counsel claim raised on direct appeal.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994)  ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

**B.**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.

Petitioner seeks habeas relief on the ground that his trial attorney was ineffective at sentencing because he failed to apprise the sentencing judge of Petitioner's prison record since the last sentencing. A pre-sentence investigation report (PSIR) was prepared prior to imposition of Petitioner's sentence on August 30, 2007. That PSIR stated that Petitioner had accrued 8 major misconduct violations while incarcerated. Following remand from the Michigan Court of Appeals for resentencing, the PSIR was updated to reflect the new sentencing date, March 26, 2010, and a new calculation for time served. It was not updated to reflect Petitioner's prison conduct since August 30, 2007.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005).

To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473, 1485 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, __ U.S. __, 131 S. Ct. at 788. The *Strickland* standard and the standard for federal habeas review are each, individually, "'highly deferential.'" *Id.* at 788, *quoting Strickland,* 466 U.S. at 689. "When the two standards apply in tandem, review is 'doubly' so." *Id.*, *quoting Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). When § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

The Michigan Court of Appeals denied Petitioner's appeal because it was "wholly frivolous." *Jones*, slip op. at 1. Though the state court's decision on this issue lacked substantial explanation, the decision is still owed deference under the AEDPA. *Harrington*, 131 S. Ct. at 784. Where a state court decision lacks meaningful (or, for that matter, any) discussion, a habeas court must determine what theories or arguments supported or could have supported the decision. *Harrington*, 131 S. Ct. at 785. Then, the habeas court "must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are consistent with" clearly established Supreme Court precedent. *Id*.

The documents attached to the petition show that between the time of Petitioner's original sentencing and resentencing, he accrued four major misconduct tickets for possession of stolen property, insolence, and two instances of failing to obey a direct order. His employment as a unit porter was also terminated during that time period for failing to report to work on time and failing to perform his duties. It was reasonable for counsel to decline to request an amended PSIR given Petitioner's poor prison record in the years preceding his resentencing. In addition, Petitioner cannot show that he was prejudiced by counsel's failure to bring to the sentencing court's attention his poor prison record. The Court holds that the state court's finding that Petitioner's ineffective assistance of counsel claim was frivolous was a reasonable application of *Strickland*.

**IV.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

V.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: July 24, 2012

s/George Caram Steeh<br>GEORGE CARAM STEEH<br>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
and upon Alton Jones, 147919, Thumb Correctional Facility,
3225 John Conley Drive, Lapeer, MI 48446,
on July 24, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk